BERNARD MAYNZ

*v.*

JOHN R. ZEIGLER.

NEW TRIAL—*verdict against the evidence.* Where a verdict is manifestly against the evidence, a new trial will be granted.

APPEAL from the Circuit Court of Peoria county; the Hon. EDWIN S. LELAND, Judge, presiding.

The opinion states the case.

Messrs. INGERSOLL, McCUNE & PUTERBAUGH, for the appellant.

Mr. JULIUS STARR and Mr. H. B. HOPKINS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This suit was originally brought before a justice of the peace, on a promissory note for $85, due three months after date, and payable to Adolphus G. Mandel & Co., and endorsed by them to appellant. On the trial before the justice, appellee recovered judgment for costs, and the case was removed to the circuit court, where a trial *de novo* was had, with a similar result; and the case is brought to this court by appeal, and we are asked to reverse the judgment of the court below, because it is not sustained by the evidence.

It appears from the evidence contained in the bill of exceptions, the note was given on the purchase of a half barrel of varnish; that the varnish was sent to appellee by boat from Pekin to Peoria; it was called for several times at the railroad depot, by appellee, but was not found, as it was in the warehouse of the river packet company.

It is contended by appellant, that he was, by agreement, to ship it by rail or boat, and by appellee, that it was to be by rail. Some time after the maturity of the note, and after it was presented and payment refused, because appellee had failed to receive the varnish, it was found in the warehouse of the packet company, but appellee declined then to receive it. The defense interposed is a failure of consideration, and that the note was assigned after maturity.

Appellee and two other witnesses swear that after the note became due, one of the Mandels, of the firm to whom the note was made payable, presented it, saying that his brother, who sold the varnish and took the note, had directed him to collect

it, and when payment was refused, he threatened to bring suit, but said nothing about any one else being the owner.

On the other hand, appellant and Mandel swear, that it was assigned before its maturity, *bona fide*, and for a valuable consideration ; and Stone, the Cashier of the First National Bank, testifies that the note was sent to their bank for collection by appellant, and was received on the 6th of January, 1865, some 21 days before it became due, and that it was then endorsed as it is at present.

What appellee's witnesses say about Mandel's threats of transferring the note, may not, and we presume was not, correctly understood by them. In the light of the other testimony, we must conclude, that he said that it had been assigned, and not that it would be for the purpose of suing on the note.

While there is some slight conflict in the evidence, the weight is manifestly in favor of the assignment of the note before it fell due. Appellant, Mandel and Stone, all swore to the assignment having been made before its maturity. No witness on behalf of appellant, swears to seeing the note unassigned after the day of payment. They only state, that it was in the hands of one of the payees, and that he threatened to sue— spoke of the note as though it belonged to his firm, and did not say it belonged to any other person. This evidence is slight and but circumstantial, while the evidence on the other side is positive, clear and convincing, unless we conclude that appellant and his witnesses have all sworn falsely. But appellant swears that he placed the note in the hands of Mandel, a traveling agent of the firm, to collect for him. If this is true, then there is no real conflict in the evidence, but it is all easily reconciled, and is not inconsistent, and proves the assignment of the note before maturity. We are satisfied the evidence proves that fact, and that the court below erred in refusing to grant a new trial, because the evidence fails to support the verdict. The judgment of the court below must be reversed and the cause remanded.

39—49TH ILL.                    *Judgment reversed.*